# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND and MASSACHUSETTS LABORERS' DISTRICT COUNCIL,
Plaintiffs

vs.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
Defendant

04   12312 WGY

MAGISTRATE JUDGE ____

C.A. No.

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 10/29/04

## COMPLAINT

### NATURE OF ACTION

1. This is a claim brought pursuant to the Miller Act, 40 U.S.C. §270a *et seq*, by the Trustees of multi-employer benefit plans and a labor union, to recover unpaid fringe benefit contributions and dues due the plans and Union for work performed under a Miller Act bond.

### JURISDICTION

2. The Court has jurisdiction of this action pursuant to 40 U.S.C. §270a, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. The Massachusetts Laborers' District Council ("District Council" or "the Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185. The District Council has a principal place of business at 7 Laborers Way, Hopkinton, Massachusetts, within this judicial district.

10. Defendant Fidelity & Deposit Company of Maryland ("Fidelity") is a surety company with a principal place of business at P.O. Box #17138, Baltimore, Maryland.

## GENERAL ALLEGATIONS OF FACT

11. General Air Conditioning & Heating, Inc. ("General Air") was the prime contractor on a construction project identified as Hanscomb Air Force Base Chilled Water Lines ("Hanscomb") and, as required by 40 U.S.C. §270a *et seq*, M.G.L. c. 149, s. 29, General Air executed and furnished a labor and material payment bond to the Owner, Hanscomb Air Force Base, with respect to this Project, naming itself as Principal and defendant Fidelity as Surety. A copy of that bond is attached hereto as Exhibit A.

12. General Air thereafter subcontracted certain work on the Hanscomb job to ODF Contracting, Inc. ("ODF").

13. ODF was signatory to and bound by successive collective bargaining agreements with the Massachusetts Laborers District Council, including the agreement that was effective from June 1, 2000 through May 31, 2004 ("the Agreement"). A copy of ODF's signed Acceptance of Agreements and Declarations of Trust is attached hereto as Exhibit B. A copy of the relevant pages of the collective bargaining agreement is attached hereto as Exhibit C.

3

14. The Agreement obligates ODF to make contributions to Plaintiff Funds for each hour worked by each person covered by the Agreement.

15. Pursuant to the Agreement, ODF is also obligated to deduct and remit union dues.

16. Finally, the Agreement requires delinquent employers to pay interest on all contributions not received at the Fund Office by the 20th day of the month following the month during which the work was performed, liquidated damages in the amount of 20% of the delinquency, attorney's fees and costs.

## VIOLATION OF 40 U.S.C. §270a ET SEQ

17. Plaintiffs hereby repeat and incorporate by reference paragraphs 1 through 16 as set forth in their entirety herein.

18. At various times between June and December, 2003, ODF sought and obtained laborers from the Union to work on the Hanscomb job.

19. ODF failed to pay all contributions due the Funds for the work these laborers performed. ODF also deducted dues from the laborers' wages and failed to remit them.

20. By certified and regular mail dated December 29, 2003, the Funds and Union notified General Air and defendant Fidelity of their claims that ODF owed $3,102.40 in contributions and dues through August, 2003 (the only period for which they had documentation) and an as yet unidentified amount for work performed thereafter. The Funds and Union sought payment of the $3,102.40 and of any and all additional contributions. The Owner was first notified of the claim by facsimile dated November 3, 2003. Copies of those letters are attached hereto as Exhibit D.

21. General Air sought documentation of the claim, which was provided by letter dated February 6, 2004. In that letter, a copy of which is attached as Exhibit E, the plaintiffs

4

notified General Air that an audit of ODF's records revealed an additional liability for the period June through December, 2003, increasing the total in delinquent fringe benefit contributions and dues to $11,037.90.

22. General Air disputed ODF's records with respect to the presence of certain laborers on the job.

23. The Funds were finally able to confirm that certain individuals who had appeared on ODF's records as working at Hanscomb, in fact did not work at that site. By letter dated September 9, 2004, the plaintiffs notified Fidelity that their claim should be reduced to $8,764.30. A copy of that correspondence is attached hereto as Exhibit F.

24. To date, defendant Fidelity has failed to pay this claim.

25. Fidelity's failure to pay the contributions, interest, dues, damages, fees and costs owed on the Hanscomb job is in violation of 40 U.S.C. §270a *et seq* and in breach of the terms of the bond.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs respectfully pray for judgment as follows:

1. Enter judgment in favor of the plaintiffs in the amount of $8,764.30, representing the unpaid fringe benefit contributions and dues, together with interest, damages, reasonable attorneys' fees, and costs; and

2. Such further and other relief as this Court deems appropriate.

        Respectfully submitted,

        PAUL J. MCNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, et al,

        By their attorneys,

        */s/ Anne R. Sills*
        Anne R. Sills, Esquire
        BBO #546576
        Segal, Roitman & Coleman
        11 Beacon Street
        Suite #500
        Boston, MA 02108
        (617) 742-0208

Dated: October 28, 2004

ARS/ars&ts
6306 03-189/complt-fidelity.doc